LITTLE v KIN

Docket No. 121037. Argued April 9, 2003 (Calendar No. 6). Decided July 9, 2003.

Robert and Barbara Little brought an action in the Oakland Circuit Court against Steven and Rosalyn Kin and Thomas and Darlene Trivan, seeking an injunction to prevent the defendants from maintaining a boat dock on the plaintiffs' lakefront property and a declaration regarding the defendants' rights under an easement. The circuit court, Alice L. Gilbert, J., granted summary disposition for the plaintiffs, ruling that, as a matter of law, the easement granted to the defendants, who are backlot owners, is limited to lake-access rights and cannot include the right to build or maintain a dock. The Court of Appeals, WHITE, P.J., and SAWYER and SAAD, JJ., reversed and remanded, ruling that while full riparian rights and ownership may not be severed from riparian land and transferred to nonriparian owners, an original owner of riparian land that is to be subdivided into lots that include some without water frontage may grant an easement to backlot owners for their enjoyment of riparian rights. 249 Mich App 502 (2002). The plaintiffs appealed.

In a memorandum opinion, signed by Chief Justice CORRIGAN, and Justices CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, the Supreme Court *held*:

The case must be remanded to the circuit court to determine the scope of the defendants' rights under the easement. The circuit court first must determine whether the easement contemplates the construction and maintenance of a dock by the defendants, referring first to the text of the easement and then to extrinsic evidence only if the easement is ambiguous. If the court determines that the defendants have the right to construct or maintain a dock, the court must determine whether the particular dock at issue is necessary for the effective use of the easement and whether the dock unreasonably burdens the plaintiffs' servient estate.

Justice KELLY concurred in the result only.

Affirmed; remanded to the circuit court for further proceedings.

*Berry & Reynolds PC* (by *David W. Berry* and *Ronald E. Reynolds*) for the plaintiffs-appellants.

*Cox, Hodgman & Giarmarco, P.C.* (by *William H. Horton, Mark E. Wilson,* and *Kaveh Kashef*), for the defendants-appellees.

Amicus Curiae:

*Law, Weathers & Richardson, P.C.* (by *Clifford H. Bloom*), for the Michigan Lake & Stream Associations, Inc.

MEMORANDUM OPINION. We granted leave to appeal to consider the scope of defendants' easement "for access to and use of the riparian rights to Pine Lake." 467 Mich 899 (2002). Having reviewed the issues involved, we agree with the judgment of the Court of Appeals.[1]

However, we write briefly to clarify the trial court's duties on remand.

First, the trial court must determine whether the easement contemplates the construction and maintenance of a dock by defendants. In answering this question, the trial court shall begin by examining the text of the easement. Where the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted. See, e.g., *Gawrylak v Cowie*, 350 Mich 679, 683; 86 NW2d 809 (1957). If the text of the easement is ambiguous, extrinsic evidence may be considered by the trial court in order to determine the scope of the easement.[2]

---

[1] 249 Mich App 502; 644 NW2d 375 (2002).

[2] We note that the Court of Appeals stated that "in deciding the scope of defendants' rights under the easement, the trial court must consider the language in the easement itself *and* the circumstances existing at the time of the grant . . . ." 249 Mich App 514 (emphasis added). This directive is

If the easement grants defendants the right to construct or maintain a dock, the trial court must determine whether the particular dock at issue is permissible under the law of easements. Under our well-established easement jurisprudence, the dominant estate may not make improvements to the servient estate if such improvements are unnecessary for the effective use of the easement or they unreasonably burden the servient tenement. *Crew's Die Casting Corp v Davidow*, 369 Mich 541; 120 NW2d 238 (1963); *Unverzagt v Miller*, 306 Mich 260, 265; 10 NW2d 849 (1943); *Mumrow v Riddle*, 67 Mich App 693, 700; 242 NW2d 489 (1976). Accordingly, if the trial court concludes that the easement grants defendants the right to construct or maintain a dock, it must then determine (1) whether the dock is necessary for defendants' effective use of their easement and (2) whether the dock unreasonably burdens plaintiffs' servient estate.

To the extent consistent with this opinion, the judgment of the Court of Appeals is affirmed. The case is remanded to the trial court for further proceedings.

CORRIGAN, C.J., and CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J., concurred in the result only.

---

clearly inconsistent with the well-established principles of legal interpretation as stated above and is thus incorrect.